UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-07738-SVW-AGR | Date | April 9, 2014 |
|---|---|---|---|
| Title | Steven ("Laser") Haas v. Willard Mitt Romney, et al. | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**   IN CHAMBERS ORDER:  (1) GRANTING Defendant Barry Gold's Motion to Dismiss [18]; (2) GRANTING Defendants Morris Nichols Arsht & Tunnel LLP and Gregory W. Werkheiser's Motion to Dismiss [20]; and (3) CONTINUING Hearing on Plaintiff's Motion to Amend [26]

  Defendant law firm Morris Nichols Arsht & Tunnel LLP, and its partner defendant Gregory W. Werkheiser (collectively, "MNAT Defendants"), and defendant Barry Gold, have moved to dismiss plaintiff's claims against them for lack of subject matter jurisdiction.  The Court has read and considered the motions to dismiss, plaintiff's opposition thereto [31], and the many other briefs filed by both sides regarding plaintiff's motion for leave to amend [26] and collateral disputes.  The Court has also read the operative First Amended Complaint [6] and the proposed Second Amended Complaint [26].  Based on this review, the Court finds the motions suitable for determination without oral argument.  Fed. R. Civ. P. 78(b); Local Rule 7-15.  The hearing scheduled for Monday, April 14, 2014 is therefore VACATED.

  Defendants request dismissal pursuant to the *Barton* doctrine.  *See Barton v. Barbour*, 104 U.S. 126 (1881).  Under *Barton*, "a party must first obtain leave of the bankruptcy court before it initiates an action in another forum against a bankruptcy trustee or other officer appointed by the bankruptcy court for acts done in the officer's official capacity."  *In re Crown Vantage, Inc.*, 421 F.3d 963, 970 (9th Cir. 2005).  The other forum lacks subject matter jurisdiction over the suit unless the bankruptcy court grants leave.  *Id.* at 971.  During the reorganization of eToys, the Delaware Bankruptcy Court appointed defendant Gold as the plan administrator, and Gold retained the MNAT defendants as counsel for the reorganized debtor.  *In re eToys, Inc.*, 331 B.R. 176, 183 (Bankr. D. Del. 2005); (*see* First Amended Complaint (FAC) ¶¶ 189-190.)  The FAC contains numerous allegations about Gold and the MNAT Defendants' acts, but most or all of the alleged acts appear to have been performed in the defendants'

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-07738-SVW-AGR | Date | April 9, 2014 |
|---|---|---|---|
| Title | Steven ("Laser") Haas v. Willard Mitt Romney, et al. | | |

capacity as appointees of the Bankruptcy Court. To the extent that the FAC alleges fraud on the Bankruptcy Court based on defendants' acts or omissions prior to appointment, the claims are barred by the doctrine of res judicata because Haas unsuccessfully attempted to raise these or similar claims on behalf of his wholly owned corporation, Collateral Logistics, Inc.. during the prior bankruptcy proceedings. *See In re eToys, Inc.*, 331 B.R. 176; *Siegel v. Fed. Home Loan Mortgage Corp.,* 143 F.3d 528-29 (9th Cir. 1998). Plaintiff's only arguments in response are (1) that the *Barton* doctrine "doesn't apply to due to willful misconducts," and (2) that "Defendants claim of Barton . . . [is] void *ab initio* due to their wanton acts of bad faith and the fact that they are being protected by federal agents and agencies REFUSING to Do Their JOB to Defend the Constitution from enemies foreign and DOMESTIC!" (Dkt 31 ¶¶ 107, 113, at 18-19.) These are not recognized exceptions to the *Barton* doctrine. *Cf. Crown Vantage, Inc.*, 421 F.3d at 971-72 (discussing limited statutory exception to *Barton* doctrine in 28 U.S.C. § 959(a)). Defendants' motions to dismiss are therefore GRANTED.

    The allegations of the proposed Second Amended Complaint do not cure this jurisdictional defect. The gravamen of plaintiff's complaint against Gold and the MNAT Defendants is that they abused their authority in their roles as appointees of the Bankruptcy Court. (S*ee, e.g.,* Dkt 26: Proposed SAC ¶¶ 114, 117, 348-350, 449-450.) For this reason, the claims against defendants Gold, Werkheiser, and Morris Nichols Arsht & Tunnel LLP are DISMISSED WITH PREJUDICE.

    The hearing on plaintiff's motion to file a second amended complaint [26] is CONTINUED to June 2, 2014, at 1:30 p.m, for consideration in conjunction with the motions to dismiss filed by defendants Bain Capital, Michael Glazer, and Willard Mitt Romney [59, 60, 61].

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |